UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**RACHEL MITCHELL**

                                  Plaintiff,                        **COMPLAINT**

vs.                                                                         Civil Action No.:

**COUNTY OF CHAUTAUQUA,
CHAUTAUQUA COUNTY DISTRICT
ATTORNEY'S OFFICE,**

                                Defendants.
_____

Plaintiff, RACHEL MITCHELL (hereinafter "Plaintiff" or "MITCHELL"), by and through her attorneys, THE TARANTINO LAW FIRM, LLP, for her Complaint against the Defendants, COUNTY OF CHAUTAUQUA (hereinafter "Defendant" or "COUNTY"), and CHAUTAUQUA COUNTY DISTRICT ATTORNEY'S OFFICE (hereinafter "Defendant" or "DEFENDANT DA"), respectfully alleges as follows:

## NATURE OF ACTION

1. Plaintiff brings this action pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"); to address Defendants unlawful employment practices against Plaintiff, including Defendant's unlawful interference with, restrain and/or denial of Plaintiff's rights under the FMLA and/or retaliation for exercising rights protected by the FMLA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202, and pursuant to 42 U.S.C. § 1988.

3. Upon information and belief, Defendant COUNTY OF CHAUTAUQUA, New York is a municipal corporation subject to the jurisdiction of the Western District of New York.

4. The Western District of New York is a proper venue for this action because a substantial part of the events giving rise to Plaintiff's claims arose within the geographic area of the Western District of New York within the meaning of 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff is a citizen of the United States of America, and resides in the County of Chautauqua, and State of New York.

6. At all times hereafter mentioned Plaintiff was an "employee" as defined under the FMLA, 29 U.S.C. § 2611(2).

7. Defendant Chautauqua County was/is an "employer" under the FMLA within the meaning of FMLA § 29 U.S.C. § 2611(2).

8. Defendant Chautauqua County District Attorney's Office was/is an "employer" under the FMLA within the meaning of FMLA § 29 U.S.C. § 2611(2).

## FACTS

9. Plaintiff is a former employee of Defendants COUNTY and DEFENDANT DA.

10. Plaintiff is a licensed attorney who was hired as an Assistant District Attorney with the Chautauqua County District Attorney's Office in about March 2, 2021.

11. In about October 2021, Plaintiff had worked more than 1,250 hours during the preceding calendar year.

12. In or about October 2021, Plaintiff's husband was diagnosed with cancer.

13. On or about October 29, 2021, Plaintiff had a meeting with Marilyn Fiore-Lehman, First Assistant District Attorney, and advised of her husband's cancer diagnosis and requested how she could obtain Family Medical Leave to care for her husband.

14. Plaintiff's husband was and is a spouse and defined by 29 USC § 2611 (13).

15. The requested leave met the provisions of the FMLA.

16. Plaintiff's husband's condition is a serious health condition as defined in 29 USC § 26(11).

17. On or about November 12, 2021, Plaintiff had a conversation with a person in the Human Resources Office for Defendants Chautauqua County and Chautauqua County DA regarding her request for leave to care for her husband. Plaintiff was told she needed to speak to Eric Bens, Insurance Administrator for Defendant Chautauqua County and that he wasn't available and that he would call her back

18. On or about November 15, 2021, Eric Bens spoke to Plaintiff about her request for FMLA leave and indicated that he would provide her the forms to complete.

19. On or about November 19, 2021, Plaintiff sent an email to District Attorney Jason Schmidt advising that she needed to speak with him as soon as possible with regard to her request for leave.

20. On or about the morning of November 22, 2021, Plaintiff had a conversation with Eric Bens for Defendant Chautauqua County and advised that she would be going forward with the requested FMLA leave.

21. On the afternoon of November 22, 2021, Plaintiff began to receive inquiries regarding a criminal plea that she had handled three months prior in August 2021, and whether she had called for authorization to enter into that plea.

22. Plaintiff had authorization to offer the plea that was in question and produced the call logs to substantiate that.

23. The inquiry regarding any potential wrongdoing by Plaintiff was a pretext in an attempt for Defendants to justify any termination of Plaintiff because she requested FMLA leave.

24. On or about November 24, 2021, Plaintiff advised Human Resources that she would be taking leave effective November 24, 2021.

25. By the afternoon of November 24, 2021, Plaintiff received an email from District Attorney Jason Schmidt for Defendants stating that Plaintiff was terminated effective immediately for reasons which would be forthcoming.

26. Plaintiff was terminated by Defendants in retaliation for requesting and applying for FMLA leave.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF ALLEGES

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "26" above.

28. Plaintiff was an eligible employee within the meaning of the FMLA.

29. Defendant Chautauqua County is an employer within meaning of the FMLA.

30. Defendant Chautauqua County District Attorney's Office is an employer within the meaning of the FMLA.

31. Defendant intentionally and willfully interfered with and denied the exercise of rights provided under the FMLA by terminating her employment after she applied for FMLA leave.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages as, including monetary damages, and other relief, including but not limited to loss of income, including back pay, front pay, as well as attorney's fees, costs, in addition to interest.

33. Defendants' unlawful action constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

34. Plaintiff demands a jury trial for all issues so triable.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS, PLAINTIFF ALLEGES

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "34."

36. Plaintiff was an eligible employee within the meaning of the FMLA.

37. Defendant Chautauqua County is an employer within meaning of the as an eligible employee within the meaning of the FMLA.

38. Defendant Chautauqua County District Attorney's Office is an employer within meaning of the FMLA.

39. Defendants violated the FMLA by terminating Plaintiff's employment in retaliation for Plaintiff's exercise of rights protected by the FMLA.

40. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages as, including monetary damages, and other relief, including but not limited to loss of income, including back pay, front pay, as well as attorney's fees, costs, in addition to interest.

41. Defendants' unlawful action constitute bad faith, malicious, willful, and wanton violations of the FMLA for which Plaintiff is entitled to an award of liquidated damages.

42. Plaintiff demands a jury trial for all issues so triable.

### AS AND FOR A THIRD CAUSE OF ACTION UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION BY THE 42 U.S.C. § 1983 AGAINST ALL DEFENDANTS, PLAINTIFF ALLEGES

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "42" above.

44. Plaintiff was an employee who services could not lawfully be terminated without just cause or notice of charges and hearing.

45. As such an employee, Plaintiff had constitutionally protected property interest in her employment with the County of Chautauqua and Chautauqua County District Attorney's Office.

46. Plaintiff was deprived of her protected property interest in her employment in that her employment was terminated.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages as, including monetary damages including but not limited to loss of income, including back pay and front pay and is entitled to compensation therefore.

48. Plaintiff demands a jury trial as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff demands judgment against the Defendant's as follows:

a. A Declaratory Judgment that the actions conduct and practices of defendants complained of herein violate the laws of the United States;

b. An injunction and order permanently restraining the Defendants from engaging in such unlawful conduct;

c. An order directing Defendants to place Plaintiff in the position she would have occupied before Defendant's discriminatory conduct in violation of the FMLA, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect plaintiff;

d. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not

limited to lost past and future income, wages, compensation, job security and other benefits of employment;

  e. An award of damages for any and all other monetary and/or nonmonetary losses suffered by plaintiff in an amount to be determined at trial, plus prejudgment interest;

  f. An award of costs the plaintiff has incurred in this action as well as Plaintiff's reasonable attorney fees to the fullest extent permitted by law; and

  g. Such other and further relief as the court may deem just and proper;

  h. For a trial by jury on all triable issues.

Dated: Buffalo, New York
   September 12, 2023

         **THE TARANTINO LAW FIRM, LLP**

       By: /s/Kevin P. Wicka
         Kevin P. Wicka, Esq.
         *Attorneys for Plaintiff*
         610 Main Street
         City Centre, Suite 300
         Buffalo, New York 14202
         (716) 849-6500
         kwicka@tarantinolaw.com