UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RACHELL MITCHELL,

                Plaintiff,

v.

                                        Index No.: 1:23-CV-00959

COUNTY OF CHAUTAUQUA,

                Defendant.

# MEMORANDUM OF LAW
# IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**WEBSTER SZANYI LLP**
Attorneys for Defendant
County of Chautauqua
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800

Case 1:23-cv-00959-EAW-HKS   Document 12-1   Filed 11/30/23   Page 2 of 15

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

RELEVANT ALLEGATIONS .................................................................................................... 1

STANDARD OF REVIEW ......................................................................................................... 3

ARGUMENT ............................................................................................................................... 3

    I.      Plaintiff Was Not an Eligible Employee Under the FMLA .................... 3

    II.     Plaintiff Did Not Have a Property Interest in Continued Employment ................................................................................................ 8

CONCLUSION ..........................................................................................................................11

i

## TABLE OF AUTHORITIES

**Cases**

*Abramson v. Pataki*
  278 F.3d 93  (2d Cir. 2002) .................................................................................. 8, 10

*Arroyo-Horne v. City of New York*
  831 Fed. Appx. 536 (2d Cir. 2020) .......................................................................... 4, 5

*Ashcroft v. Iqbal*
  556 U.S. 662, 678 (2009) ............................................................................................ 3

*Bell Atlantic v. Twombly*
  550 U.S. 544, 555 (2007) ............................................................................................ 3

*Brownstein v. Walsh*
  2010 WL 1930232, at *3 (E.D.N.Y. 2010) .................................................................. 2

*Buttry v. Gen. Signal Corp.*
  68 F.3d 1488, 1493 (2d Cir.1995) ............................................................................... 6

*Catone v. Spielmann*
  149 F.3d 156  (2d Cir. 1998) ....................................................................................... 8

*Chambers v. Time Warner, Inc.*
  282 F.3d 147 (2d Cir. 2002) ........................................................................................ 2

*Clarke v. O'Brien*
  91 Misc. 2d 190  (Sup. Ct. 1975) *aff'd sub nom.*, *Matter of Clarke v. O'Brien*, 56
  A.D.2d 869, (2d Dept. 1977) ..................................................................................... 10

*Colliton v. Cravath, Swaine & Moore LLP*
  2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) .................................................... 2

*Diederich v. County of Rockland*
  999 F. Supp. 568  (S.D.N.Y.), *aff'd*, 166 F.3d 1200 (2d Cir. 1998) ........................... 9

*Graziadio v. Culinary Institute of America*
  817 F.3d 415  (2d Cir. 2016) .................................................................................. 3, 4

*Grishman v. City of New York*
  183 A.D.2d 464 (1st Dept. 1992) .............................................................................. 10

*Heckler v. Community Health Services of Crawford County, Inc.*
  467 U.S. 51, (1984) ..................................................................................................... 6


*In re Ionosphere Clubs, Inc.*
   85 F.3d 992, (2d Cir.1996) ................................................................................... 6

*Int'l Grp., LLC v. Padilla*
   2012 WL 5398674, at *1 (W.D.N.Y. 2012) ........................................................ 2

*Kosakow v. New Rochelle Radiology Assocs.*, P.C.
   274 F.3d 706 (2d Cir. 2001) ............................................................................ 6, 7

*L–7 Designs, Inc. v. Old Navy, LLC*
   647 F.3d 419 (2d Cir. 2011) ................................................................................ 2

*Potenza v. City University of New York*
   365 F.3d 165 (2d Cir. 2004)). ............................................................................. 4

*Rusk v. New York State Thruway Authority*
   37 F. Supp. 3d 578  (W.D.N.Y. 2014) ............................................................... 10

*Shimburski v. McCarthy*
   2020 WL 5653298 (W.D.N.Y. 2020) ................................................................. 3

*Swain v. Brookdale Sr. Living*
   2011 WL 1213600 (W.D.N.Y. 2011) ................................................................. 3

*Tranello v. Frey*
   758 F. Supp. 841 (W.D.N.Y. 1991) *aff'd in part, appeal dismissed in part*, 962 F.2d
   244 (2d Cir. 1992) ..................................................................................... 8, 9, 10

*Varecka v. CSK Transportation, Inc.*
    2022 WL 1750700, * (W.D.N.Y. 2022) ............................................................. 8

**Statutes**

29 § 2617(a)(1) ............................................................................................................ 4

29 U.S.C. § 2611(2)(A) ............................................................................................... 5

29 U.S.C. § 2617(2)(A) ............................................................................................... 4

N.Y. Civil Service Law § 75 ..................................................................................... 10

N.Y. County Law § 502(1) ......................................................................................... 9

N.Y. County Law § 702 ......................................................................................... 9, 10

## PRELIMINARY STATEMENT

Plaintiff Rachel Mitchell, a former Chautauqua County Assistant District Attorney, brings claims against Defendant County of Chautauqua for Family Medical Leave Act ("FMLA") interference, FMLA retaliation, and due process violations in connection with her termination. Defendant moved to dismiss Plaintiff's original Complaint in its entirety because Plaintiff does not have a viable claim for violations of the FMLA or the Due Process Clause. Plaintiff has now filed an Amended Complaint, in which she asserts the same claims but contorts the facts in a desperate attempt to save her unfounded claims. The reasons for dismissal remain the same:  Plaintiff did not work for the County long enough to become an FMLA-eligible employee; therefore, she lacks standing to bring a claim under the FMLA. Plaintiff also has no basis for a due process claim. Plaintiff did not have a property interest in continued employment and was not entitled to pretermination due process. Plaintiff should not be permitted to continue to waste the Court's and parties' time and resources addressing claims on which she may never prevail. For these reasons, Plaintiff's claims fail as a matter of law, and her Amended Complaint must be dismissed.

## RELEVANT ALLEGATIONS

For purposes of this motion only, the Defendant assumes Plaintiff's factual allegations are true. Plaintiff was employed by the County as an Assistant District Attorney. (Dkt. 10, ¶ 9). Plaintiff sought to take a leave a absence to care for her husband as of November 24, 2021. (*Id*. at ¶ 23). County Insurance Administrator Eric Bens notified Plaintiff about her available vacation and sick days to care for a family member and provided Plaintiff an FMLA certification form. (E. Bens 11/24/21 email to R.

1

Mitchell attached as Exhibit A). This email was incorporated into the Complaint by reference and is integral to the Complaint. *See Int'l Grp., LLC v. Padilla*, 2012 WL 5398674, at *1 (W.D.N.Y. 2012) ("[T]he complaint is 'deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.'") (quoting *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)); *see also Brownstein v. Walsh*, 2010 WL 1930232, at *3 (E.D.N.Y. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

Plaintiff's employment with the County was terminated on November 24, 2021. (*Id.* at ¶ 27). Plaintiff does not allege any facts to suggest that she was entitled to statutory or contractual due process rights.

The other fact relevant to Plaintiff's claims is her date of hire. Notably, the Amended Complaint does not allege how long Plaintiff was employed by the County or her date of hire. (*Id.*). Thus, Defendant asks this Court to take notice of Plaintiff's hire date as alleged in Plaintiff's original Complaint:  Plaintiff was hired as an Assistant District Attorney with the County on or about March 2, 2021. (Dkt.1, ¶ 10). *See Colliton v. Cravath, Swaine & Moore LLP*, No. 09–CV–400, 2008 WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008) (accepting facts alleged in an original complaint as true for a motion to dismiss where the plaintiff made a "transparent attempt ... to amend his pleading[s] in order to avoid a dispositive defense" raised by the defendant and the plaintiff's amended complaint directly contradicted his original complaint and dismissing amended complaint and awarding sanctions against plaintiff's counsel), *aff'd*, 356 Fed.Appx. 535 (2d Cir. 2009).

## STANDARD OF REVIEW

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the facts pleaded as true. A plaintiff's allegations must "raise a right to relief above the speculative level," (*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), and the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the "plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Swain v. Brookdale Sr. Living*, 2011 WL 1213600, at *1 (W.D.N.Y. 2011) (citations omitted). "[C]onclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true." *Shimburski v. McCarthy*, 2020 WL 5653298, at *6 (W.D.N.Y. 2020).

## ARGUMENT

### I. Plaintiff Was Not an Eligible Employee Under the FMLA.

Plaintiff cannot state any claim for violation of the FMLA because she was not an eligible employee under the FMLA. To state a claim for FMLA interference, a plaintiff must establish "1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Institute of America*, 817 F.3d 415, 424 (2d Cir. 2016). Similarly, a claim for FMLA retaliation requires a plaintiff to show that "1) he exercised rights protected under the FMLA; 2) he was qualified for the position; 3) he suffered an

3

adverse action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Id.* at 429. "To be eligible for FMLA leave, an employee must have been employed for at least twelve months by the employer from whom she is requesting leave, and she must have worked at least 1,250 hours with that employer in the twelve months prior to the beginning of her medical leave." *Arroyo-Horne v. City of New York*, 831 Fed. Appx. 536, 539 (2d Cir. 2020); 29 U.S.C. § 2617(2)(A).

The United States Court of Appeals for the Second Circuit has specifically stated, "[a] threshold issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections." *Arroyo-Horne v. City of New York*, 831 Fed. Appx. at 539 (2d Cir. 2020) (affirming dismissal of FMLA claim where Plaintiff failed to plead facts demonstrating FMLA eligibility) (citing *Graziado v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016); *Potenza v. City University of New York*, 365 F.3d 165, 168 (2d Cir. 2004)). This is because the private right of action for FMLA interference and discrimination is created by § 2617(a)(1), which provides that "[a]ny employer who violates section 2615 of this title shall be liable to any *eligible employee affected*." 29 U.S.C. § 2617(a)(1). Thus, a claim for FMLA interference and/or retaliation must be dismissed where the plaintiff fails to establish that she was eligible for FMLA leave. *Id.*

The Amended Complaint does not contain a single factual allegation to show that Plaintiff was eligible for FMLA leave. That is because the facts conclusively establish that she was <u>not</u> eligible for FMLA leave. In her Original Complaint Plaintiff alleged that she was hired by the County on or about March 2, 2021 and was

4

terminated on November 24, 2021. (Dkt. 1, ¶¶ 10, 25). Plaintiff's attempt to avoid dismissal of her claims by omitting her hire date from the Amended Complaint is disingenuous. (Compare Dkt. 1, ¶ 10 with Dkt. 10, ¶ 9). There can be no dispute that Plaintiff was not employed by the County for twelve months. Plaintiff's allegation that she worked more than 1,250 hours in the preceding calendar year is irrelevant because she was employed for less than a year. (Dkt. 10, ¶ 10). Notably, the Amended Complaint does not allege that Plaintiff was employed for twelve months; therefore, Plaintiff fails to show she was eligible for FMLA leave and entitled to relief under the FMLA. (Dkt. 10); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks, citations, and alterations omitted).

Plaintiff was not an eligible employee under the FMLA. Thus, Plaintiff lacks standing to bring a claim under the FMLA. 29 U.S.C. § 2611(2)(A); *Arroyo-Horne*, 831 Fed. Appx. at 539. Accordingly, Plaintiff's claims of FMLA interference and retaliation (counts I and II), fail as a matter of law and must be dismissed.

## II. Plaintiff's Estoppel Argument Fails

Recognizing that she cannot bring a claim under the FMLA, Plaintiff now argues, "Plaintiff was an eligible employee within the meaning of the FMLA because Defendant made representations to Plaintiff that she was eligible and qualified for FMLA leave, and Plaintiff detrimentally relied on these representations." (Dkt. 10, ¶¶ 31, 39).

Although courts have held that estoppel may apply to FMLA claims in certain limited circumstances, the doctrine of equitable estoppel is only properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct. *Kosakow v. New Rochelle Radiology Assocs*., P.C., 274 F.3d 706, 725 (2d Cir. 2001) (citing *In re Ionosphere Clubs, Inc.*, 85 F.3d 992, 999 (2d Cir.1996)). "Under federal law, a party may be estopped from pursuing a claim or defense where: 1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; 2) and the other party reasonably relies upon it; 3) to her detriment. *Id. (*citing *Heckler v. Community Health Services of Crawford County, Inc*., 467 U.S. 51, 59, (1984)); *Buttry v. Gen. Signal Corp*., 68 F.3d 1488, 1493 (2d Cir.1995).

Plaintiff does not allege facts to support the first two elements for equitable estoppel. Plaintiff does not allege that the County failed to post or provide information to employees about their rights under the FMLA and eligibility requirements. (*See* Dkt. 10). Further, although Plaintiff alleges she was given forms to complete when she inquired about FMLA leave, she does not allege that she was told the FMLA would be granted. (Dkt. 10, ¶¶ 17, 23, 24). Clearly, Plaintiff was working with County Human Resources through the process of determining what leave was available to her. This is not the "definite misrepresentation" requested for equitable estoppel.

Even if Plaintiff believed she was eligible for FMLA leave based on her conversation with Eric Bens, that reliance was not to her detriment. Plaintiff is not asserting that this reliance was to her detriment. She does not allege she would have done anything differently if she knew her leave was not FMLA-eligible. She does not

6

allege that she would not have taken leave. This case is entirely different than other FMLA cases where courts have invoked the doctrine of equitable estoppel. In *Kosakow v. New Rochelle Radiology Associates, P.C.*, the United States Court of Appeals for the Second Circuit invoked the doctrine of equitable estoppel upon finding detrimental reliance because a long-time employee could have worked an additional fifty hours to meet FMLA eligibility requirements prior to undergoing a long-planned operation. 274 F.3d 725-727. In that case, the Second Circuit noted specifically that "it would not be unreasonable to infer that [the employee] would have been able to ensure she met the mandatory minimum prior to surgery" had the employer posted or provided required FMLA notices. *Id*.

In contrast, here Plaintiff was ineligible for FMLA leave because she was employed for less than a year, not because she fell short of the minimum hour requirement. Unlike the plaintiff in *Kosakow* who reasonably could have worked an additional fifty hours had she known the requirement, Plaintiff does not allege she could or would have worked an additional four months prior to going out on leave. The County is unaware of any case where a court found that an employer was estopped from challenging an employee's FMLA eligibility where the employee was employed for less than a year, as opposed to failing to meet the minimum hour requirement.

Further, Plaintiff does not allege her circumstances would have been different. Plaintiff's employment would have been terminated regardless of whether or not she requested leave. Although the Amended Complaint conveniently omits many relevant facts, it is apparent even from those asserted that Plaintiff attempted to use FMLA as a shield to protect her from dealing with the ramifications of her performance

failings. (Dkt. 10, ¶ 20). Plaintiff should not be permitted to use her request for leave as a shield or to use this claim as a sword to pursue claims that she has no standing to bring. Plaintiff's attempt to invoke the doctrine of equitable estoppel should be rejected and her FMLA claims dismissed. *Varecka v. CSK Transportation, Inc.*, 2022 WL 1750700, * (W.D.N.Y. 2022) (dismissing FMLA claim and rejecting equitable estoppel claim because plaintiff did not allege the elements of an equitable claim).

### III. Plaintiff Did Not Have a Property Interest in Continued Employment.

It is well settled that "[t]o survive a motion to dismiss, a due process claim under section 1983 must allege the deprivation of a constitutionally protected interest." *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002). "An abstract need, desire, or unilateral expectation is not enough, [and] [e]mployees at will have no protactable property interest in their continued employment." *Id*. However, "a person may possess a protected interest in public employment if contractual or statutory provisions guarantee continued employment absent 'sufficient cause' for discharge[.]" *Id.* This protected interest in continued employment is "not created by the Constitution, but rather by independent sources such as state law." *Tranello v. Frey*, 758 F. Supp. 841, 852 (W.D.N.Y. 1991) *aff'd in part, appeal dismissed in part*, 962 F.2d 244 (2d Cir. 1992). Courts look to "New York Civil Service Law and the statutes which create a particular position or the authority to appoint or remove an individual to or from the position to determine whether a New York public employee has a property interest in his position requiring that he be afforded a hearing before termination." *Catone v. Spielmann*, 149 F.3d 156, 160 (2d Cir. 1998).

In *Tranello*, the District Court for the Western District of New York considered whether an assistant county attorney possessed a property interest in his position sufficient to state a due process claim based on his termination. 758 F. Supp. at 852. The Court held that the plaintiff did not have a property interest in his continued employment, citing N.Y. County Law § 502(1) which "provides that 'any such appointment [of an assistant county attorney] may be revoked by the county attorney *at any time*.'" *Id.* Because the plaintiff did not have a protected property interest, his due process claim was dismissed. *Id.* The Southern District of New York came to the same conclusion in *Diederich v. County of Rockland*. 999 F. Supp. 568, 571-572 (S.D.N.Y.), *aff'd*, 166 F.3d 1200 (2d Cir. 1998) (due process claim dismissed because assistant county attorney "served at the pleasure of the County Attorney," per County Law § 502).

Assistant district attorneys do not have a property right in their position for the same reason - "the controlling state law does not create a legitimate claim of entitlement to continuing job tenure." *Tranello*, 758 F.Supp. at 852*.; see* N.Y. County Law § 702 (ADA's "appointment may be revoked at any time by the District Attorney"). County Law § 702 governs the appointment of assistant district attorneys and contains substantially the same language as County Law § 502, the statute analyzed by the courts in *Tranello* and *Diederich*. § 702 states that "any appointment [of an assistant district attorney] may be revoked at any time by the district attorney." As explained by the court in *Clarke v. O'Brien*, the nature of the district attorney's position requires that the DA,

> be entitled to appoint and remove his assistants at will during his term, without the necessity of inquiry concerning their pre-appointment status under Civil Service Law s 75, subd. 1(b) or of alleging or proving incompetence or misconduct in

9

> the event of his determination to terminate their service. To the extent the assistants discharge the statutory duties of the principal in the prosecution of crimes, the district attorney must be the sole judge of performance.

*Clarke v. O'Brien,* 91 Misc. 2d 190, 193 (Sup. Ct. 1975) *aff'd sub nom.*, *Matter of Clarke v. O'Brien*, 56 A.D.2d 869, (2d Dept. 1977). Thus, State law plainly directs that assistant district attorneys can be terminated at any time. Therefore, they do not have a property interest in their continued employment. *Id.*

Plaintiff was employed as an assistant district attorney. (Compl. ¶ 10). As clearly established above, pursuant to New York State law, Plaintiff served at the pleasure of the Chautauqua County District Attorney and could have been terminated at any time, without cause. N.Y. County Law § 702; *Clarke*, 91 Misc. 2d at 193; *c.f. Tranello*, 758 F. Supp. 852. Plaintiff was not entitled to procedural due process rights by the New York Civil Service Law because assistant district attorneys are an exempt class of the civil service, and she does not allege any other basis to support this claim. *See* N.Y. Civil Service Law § 75; *Grishman v. City of New York*, 183 A.D.2d 464, 465 (1st Dept. 1992) (assistant district attorneys are classified as "exempt" by New York State); *Rusk v. New York State Thruway Authority*, 37 F. Supp. 3d 578, 595 (W.D.N.Y. 2014) (§ 75 "has no application whatsoever to exempt positions").

Therefore, Plaintiff did not have property interest in her continued employment as an assistant district attorney or pre-termination procedure due process rights. *Abramson*, 278 F.3d at 99. Plaintiff's § 1983 due process claim fails as a matter of law and must be dismissed.

## **CONCLUSION**

Based on the foregoing, Plaintiff's complaint should be dismissed in its entirety, and Defendant should be awarded costs, fees, and any further relief deemed appropriate by this Court.

Dated: November 30, 2023

                                        **WEBSTER SZANYI LLP**
                                        Attorneys for Defendant

By: *s/Heather L. Dechert*
       Heather L. Dechert
       Michael P. McClaren
424 Main Street, Suite 1400
Buffalo, NY 14202
(716) 842-2800
hdechert@websterszanyi.com
mmcclaren@websterszanyi.com

TO:   Kevin P. Wicka, Esq.
        The Tarantino Law Firm, LLP
        610 Main Street, Ste. 300
        Buffalo, NY 14202
        (716) 849-6500