UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

**RACHEL MITCHELL**,

                Plaintiff,

vs.

                                      Civil Action No.:
                                    1:23-cv-00959 (EAW-HKS)

**COUNTY OF CHAUTAUQUA**,

                Defendant.

_____


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**


Respectfully submitted,

**THE TARANTINO LAW FIRM, LLP**
Kevin P. Wicka, Esq.
*Attorney for the Plaintiff*
610 Main Street, Suite 300
Buffalo, New York 14202
(716) 849-6500
kwicka@tarantinolaw.com

## **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ……………………………………………………… iii

PRELIMINARY STATEMENT………………………………………………… 1

FACTUAL BACKGROUND …………………………………………………... 2

STANDARD OF REVIEW…………..………………………………….…………. 4

ARGUMENT………………………………………………………………. 5

POINT I:   THE ALLEGATIONS OF THE COMPLAINT, WHEN
ACCEPTED AS TRUE, STATE A PLAUSIBLE FMLA
RETALIATION CLAIM IN VIOLATION OF THE FAMILY
MEDICAL LEAVE ACT………………………………………….. 5

A.   Defendant is Estopped from claiming Plaintiff is ineligible under
the FMLA…………………………………………………….... 6

B.   Plaintiff was terminated in retaliation after she submitted her
FMLA leave……………………………………………….......  10

POINT II:   THE ALLEGATIONS OF THE COMPLAINT, WHEN
ACCEPTED AS TRUE, STATE A PLAUSIBLE CLAIM FOR
FMLA RETALIATION EVEN IF PLAINTIFF WAS NOT YET
ELIGIBLE ………………………………………….…………… 13

POINT III:   THE ALLEGATIONS OF THE COMPLAINT, WHEN
ACCEPTED AS TRUE, STATE A PLAUSIBLE CLAIM
PURSUANT TO 42 U.S.C. § 1983……………………………… 15

CONCLUSION………………………………………………………….. 16

## TABLE OF AUTHORITIES

***CASES***                                                                 **Page(s)**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937
    173 L. Ed. 2d 868 (2009)…........................................................   4,5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955
    167 L. Ed. 2d 929 (2007)……………………………………..   4,5

*Beffert v. Pa. Dep't of Pub. Welfare* 2005 U.S. Dist. LEXIS 6681
    (E.D. Pa. 2005)……………………………………………………   13,14

*Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*,
    724 F. Supp. 2d 382 (W.D.N.Y. 2010)…………………………   4,5,12,15

*Harrington v. County of Suffolk*, 607 F.3d 31
    (2d Cir. 2010) …………………………………………………..   15

*Hayden v. Paterson*, 594 F.3d 150
    (2d Cir. 2010)………………………....................................................   4

*Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706
    (2d Cir. 2001)……………………………………………………...   7,8

*Langella v. Mahopac Cent. Sch. Dist.*, 2020 U.S. Dist. LEXIS 95588
    (S.D.N.Y. 2020)…………………………………………………   4,6

*Lively v. WAFRA Inv. Advisory Grp., Inc.,* 6 F.4th 293
    (2d Cir. 2021) …………………………………………………...   5,16

*McArdle v. Town of Dracut/Dracut Pub. Sch.*, 732 F.3d 29
    (1st Cir. 2013) …………………………………………………   13,14

*Millea v. Metro-N. R. Co.*, 658 F.3d 154
    (2d Cir. 2011) …………………………………………………...   10

*Pierce v. Netzel*, 2004 U.S. Dist. LEXIS 8743
    (W.D.N.Y. 2004) ………………………………………………   15

*Potts v. Franklin* 2006 U.S. Dist. LEXIS 60781
    (E.D. Okla. 2006)..………………………………………………   13,14

*Powell v. Dep't of Educ.*, 2015 U.S. Dist. LEXIS 133255
    (E.D.N.Y. 2015)…………………………………………………   10

*Powell v. Metro One Loss Prevention Servs. Group (Guard Div. NY), Inc.*,
    2015 U.S. Dist. LEXIS 138345
    (S.D.N.Y. 2015) …………………….........................................    7

*Rice v. Scudder Kemper Invs., Inc.*, 55 Fed. R. Serv. 3d (Callaghan) 242, 2003
    (S.D.N.Y. 2003)……………………………………………………    5

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S. Ct. 992
    152 L. Ed. 2d 1 (2002)……………………………………………    6

*Varecka v. CSK Transportation, Inc.*, 2022 WL 1750700
    (W.D.N.Y. 2022) ……………………………………………………    9

*Woodford v. Cmty. Action of Greene County, Inc.*, 268 F.3d 51
    (2d Cir. 2001)…………………………………………………...    6,7

## ***STATUTES***

Fed. R. Civ. P. 12(b)(6)……………………………………………    15

42 USCS § 1983……………………………………………..…………    1,15

29 CFR § 825.220……………………………………………..…    6

29 U.S.C § 2611……………………………………………….…………    6,11,13

29 U.S.C § 2612…….....................................................................    10

29 U.S.C § 2615………………………………………………….……...    13,14

## PRELIMINARY STATEMENT

Plaintiff, RACHEL MITCHELL ("Plaintiff" or "Ms. Mitchell"), submits this memorandum of law in opposition to the motion to dismiss her Complaint filed by the Defendant, COUNTY OF CHAUTAUQUA ("Defendant").   As set forth herein, the Defendant's motion should be denied in its entirety, as Plaintiff's Complaint states plausible claims for relief under several federal statutes.  Further, Defendant's motion is a premature attempt to have the merits of the Complaint addressed in the context of a pre-answer motion to dismiss, prior to Plaintiff being allowed to discover or produce a single shred of evidence in support of her claims.

Defendant terminated Plaintiff for requesting FMLA leave, but terminated her under the guise of a work-related performance issue. When looking at the full timeline of events, at the pleadings stage, one can see that the Defendant's reasoning for terminating the Plaintiff is pretextual. Defendant unlawfully terminated Plaintiff just two hours after Plaintiff was approved for leave under the FMLA. Regardless of Plaintiff's eligibility standing under the FMLA, Defendant is estopped from using eligibility as a defense because they gave Plaintiff clear representations that she was eligible. Further, even if Defendant is not estopped from using eligibility as a defense, it is still unlawful to retaliate against any individual who attempts to exercise his or her rights under the FMLA.

The Plaintiff filed the initial Complaint in this matter on September 12, 2023 (Dkt. 10). The Defendant filed their motion to dismiss on October 26, 2023, to which the Plaintiff filed her amended complaint alleging three causes of action against the Defendant for unlawful termination: (1) FMLA Interference in violation of the Family Medical Leave Act ("FMLA"); (2) FMLA retaliation in violation of the Family Medical Leave Act and; (3) violation of due process rights under the 14th Amendment of the United States Constitution (42 U.S.C § 1983). The Defendant's

1

Motion to Dismiss under FRCP 12 (b)(6) was filed on November 30, 2023, to which Plaintiff submits this Motion in Opposition, alleging that the Defendant is equitably estopped from claiming that the Plaintiff was not covered by FMLA after the Defendant made several representations to the Plaintiff that she would in fact be eligible for the FMLA leave and the Plaintiff relied on this information to her detriment.   The Plaintiff further raised sufficient factual material in the Complaint that the Defendant terminated the Plaintiff within two hours of her request for FMLA leave, a clear retaliatory move for her request. Finally, the Plaintiff has raised sufficient factual allegations in the complaint to support her claim that the Defendant violated her Due Process Rights under the 14th Amendment of the United States Constitution.

Thus, Defendant's premature motion should be denied in its entirety.

## FACTUAL BACKGROUND

The relevant material facts are set forth in the Complaint, which in the context of reviewing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) the Court must accept as true.

Ms. Mitchell was hired by the Defendant to serve as an assistant District Attorney for Chautauqua County. (Dkt. 10, ¶ 9). She began working in 2021 and worked more than 1,250 hours by October 2021. That same October, Ms. Mitchell learned the devastating news that her husband had been diagnosed with cancer. (Dkt. 10, ¶ 10, 11).

Ms. Mitchell met with Marilyn Fiore-Lehman, First Assistant District Attorney, on or about October 29, 2021, and advised Ms. Fiore-Lehman of her husband's cancer diagnosis and inquired how she could obtain Family Medical Leave in order to care for him. (Dkt. 10, ¶ 12).  Two weeks later, Plaintiff discussed the process of taking leave with the Human Resources Office for

Defendant Chautauqua County and Chautauqua County DA, and was told she needed to speak to Eric Bens, Insurance Administrator for Defendant Chautauqua County. (Dkt. 10, ¶ 16).

On or about November 15, 2021, Eric Bens spoke to Ms. Mitchell regarding her request for FMLA leave and indicated that he would provide her the forms to complete. Eric Bens never raised any concern regarding her eligibility to take FMLA leave; rather, he provided Ms. Mitchell information and treated her as if she was eligible. (Dkt. 10, ¶ 17).

In reliance upon the representations of Eric Bens that she was eligible for FMLA, Plaintiff emailed District Attorney Jason Schmidt on November 12, 2021; advising that she needed to speak with him as soon as possible with regard to her request for leave. (Dkt. 10, ¶ 18).

On or about the morning of November 22, 2021, Plaintiff informed Eric Bens she would be proceeding with her request for FMLA leave. (Dkt. 10, ¶ 19). Within hours of this request, however, Plaintiff received inquiries regarding a criminal plea that she had handled three months prior in August 2021. Questions were asked about whether she had called for authorization to enter into that plea. (Dkt. 10, ¶ 20).

Ms. Mitchell produced the call logs to substantiate that she had authorization to enter into said plea. The inquiry regarding any potential wrongdoing by the Plaintiff was a pretext in an attempt for the Defendant to justify retaliatory termination of the Plaintiff because she requested FMLA leave. (Dkt. 10, ¶ 21, 22). On November 24, 2021 at 11:04 am, Plaintiff received an email from Eric Bens in which he attached the FMLA certification form and stated she could have her health care provider fax over the completed forms. (Dkt. 10, ¶ 23).

On November 24, 2021 at 1:10 pm, the Plaintiff emailed Eric Bens asking if her FMLA leave was effective as of November 24. At 1:23 pm, Eric Bens answered affirmatively stating the Plaintiff's leave would be effective that same day. (Dkt. 10, ¶ 24). At 2:48 pm, the Plaintiff notified

District Attorney Jason Schmidt that she would be taking leave under FMLA due to her husband's recent medical diagnosis. (Dkt. 10, ¶ 25).

Plaintiff relied on the FMLA information provided by Eric Bens, who did not tell her that she may not be eligible for leave. After the FMLA certification form was sent to her, the Plaintiff relied on it in order to schedule her leave to care for her sick husband. (Dkt. 10, ¶ 26). At 4:48 on November 24, 2021, Plaintiff received an email from District Attorney Jason Schmidt for the Defendant stating that the Plaintiff was terminated effective immediately for reasons which would be forthcoming. (Dkt. 10, ¶ 27).

## STANDARD OF REVIEW

In reviewing a motion to dismiss under FRCP 12(b)(6), courts must assess whether a complaint contains sufficient factual material to state a claim to relief that is plausible on its face. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010); *Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 389 (W.D.N.Y. 2010). Although they are not bound to accept as true a legal conclusion couched as a factual allegation or to credit mere conclusory statements or threadbare recitals of a cause of action, reviewing courts must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor. *Id.*; *see also Langella v. Mahopac Cent. Sch. Dist.*, 2020 U.S. Dist. LEXIS 95588 (S.D.N.Y. May 31, 2020); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), *accord Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

In determining whether a complaint states a plausible claim for relief, a District Court must consider the context and draw on its judicial experience and common sense. *Langella*, 2020 U.S. Dist. LEXIS 95588 at 11-12. A claim is facially plausible when the facts pleaded allow a court to make a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* It is

significant to note that the Supreme Court in *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002) held that there is no heightened pleading requirement for employment discrimination complaints, and the Court highlighted this further in the context of its *Twombly* and *Iqbal* decisions.  *Foster*, 724 F. Supp. 2d at 389.

Further, the well-established standard also provides that the Court's function is not to evaluate the strength of the pleadings but rather to determine their legal sufficiency.  *Id*.; *see also Rice v. Scudder Kemper Invs., Inc.*, 55 Fed. R. Serv. 3d (Callaghan) 242, 2003 U.S. Dist. LEXIS 5734, 5 (S.D.N.Y. 2003).  In this regard, courts should be vigilant in preventing the moving party from unilaterally converting a motion to dismiss under FRCP 12(b)(6) into a motion for summary judgment, because the non-moving party has not had the opportunity to discovery or present evidence in support of its claims.  *Id*.; *see also Lively v. WAFRA Inv. Adv. Grp, Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (explaining that before the parties have had an opportunity to test their evidence at summary judgment or trial, courts must accept the non-moving party's pleadings as true and decline to weigh competing allegations asserted by the moving party).

## ARGUMENT

**I.     THE ALLEGATIONS OF THE COMPLAINT, WHEN ACCEPTED AS TRUE, STATE A PLAUSIBLE FMLA RETALIATION CLAIM IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT.**

It is important to note that this case is still in the pleading stage.  Thus, Plaintiffs are not required to prove their case at the pleading stage but merely provide sufficient factual material to state a claim for relief that is plausible on its face.  Moreover, the District Courts in the Second Circuit have been instructed to vigorously protect plaintiffs from crafty defendants who attempt to prohibit a plaintiff from discovery by attempting to unilaterally convert a FRCP 12(b)(6) motion to dismiss into a premature motion for summary judgement. On a motion to dismiss, a court needs

to determine only whether the allegations in the complaint give plausible support to the reduced prima facie requirements that arise in the initial phase of litigation. *Langella*, 2020 U.S. Dist. LEXIS 95588 at 17.

In this case, the Plaintiff clearly provided sufficient factual material to state a plausible cause of action against the Defendant by alleging that she was retaliated against within days of formally requesting and pursuing FMLA leave. Under the Family Medical Leave Act, it is unlawful for an employer to discriminate or retaliate against an employee who exercises or attempts to exercise their FMLA rights. 29 CFR § 825.220(c). In order to qualify for FMLA rights, an employee must have worked at least twelve (12) months and a minimum of 1,250 hours. 29 USCS § 2611. However, if an employer makes representations that an employee is eligible for FMLA, even when the employee has not yet met these requirements, that employee may still qualify for FMLA leave. *Woodford v. Cmty. Action of Greene County, Inc.*, 268 F.3d 51, 57 (2d Cir. 2001). The Defendant in this case made clear representations to the Plaintiff, on several occasions, that she was in fact eligible for FMLA leave. The Plaintiff reasonably relied on these misrepresentations to her detriment. Upon requesting to use the FMLA leave, she was promptly terminated from her employment.

**A. Defendant is Estopped from claiming Plaintiff is ineligible under the FMLA.**

The Defendant alleges in its Motion to Dismiss that the Plaintiff was not eligible to receive FMLA benefits because she had not worked the requisite number of months required for FMLA leave. According to the Second Circuit, a court can conclude that a party is estopped from bringing the defense that a party is ineligible for FMLA protection if all the elements of equitable estoppel are met. *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 727 (2d Cir. 2001). The Second Circuit has explained that:

> . . . the doctrine of equitable estoppel may apply where an employer who has initially provided notice of eligibility for leave later seeks to challenge that eligibility. Thus, future employees who rely to their detriment upon the assurance of their employer that they qualify for leave under the FMLA may have recourse to the doctrine of equitable estoppel even without an enforceable regulation protecting their right to rely upon an employer's notice of eligibility.

*Woodford v. Cmty. Action of Greene County, Inc.*, 268 F.3d 51, 57 (2d Cir. 2001).

Equitable estoppel applies if (1) a party makes a misrepresentation of fact to the plaintiff that she is eligible for such leave, and the party has reason to believe that the plaintiff would rely on it, (2) the plaintiff does in fact rely on such misrepresentations, and (3) this reliance was to the plaintiff's detriment. *Powell v. Metro One Loss Prevention Servs. Group (Guard Div. NY), Inc.*, 2015 U.S. Dist. LEXIS 138345, 33-34 (S.D.N.Y. 2015) (*citing Kosakow*, F.3d 706 (2d Cir. 2001)). Once the plaintiff has met these elements of equitable estoppel, a party can be kept from using ineligibility for FMLA leave as a defense. *Kosakow*, F.3d at 725.

This case is directly on point with the law set forth in *Kosakow* since the Plaintiff has pleaded all the required factually material allegations in the complaint for equitable estoppel. First, the Plaintiff has clearly alleged in the Amended Complaint that the Defendant made representations to the Plaintiff that she would in fact be covered by FLMA. On November 15th, Eric Bens, Insurance Administrator for Defendant Chautauqua County, sent the Plaintiff the required FMLA forms, never once mentioning to Ms. Mitchell that she would not be eligible for FMLA leave. Notably, silence has also been found to mislead employees into believing that they are protected by FMLA. *Id*. at 725. So, by the response to the Plaintiff that he would send her the forms, and his silence on her ineligibility, the Plaintiff could reasonably believe that she was in fact eligible.

This representation of eligibility continued on November 24, 2021, when he once again made a representation to the Plaintiff that she would be eligible for FMLA leave. When the

Plaintiff asked about the date that the FMLA leave would become effective, he told her that her FMLA leave would be effective the same day the health care provider sent the required documents. Again, he was completely silent about any concerns he may have had concerning her eligibility. When Eric Bens made these representations, it is completely reasonable to believe that the Plaintiff would in fact rely on his statements regarding her FMLA eligibility.

The second requirement for equitable estoppel requires that the plaintiff does in fact reasonably rely on the misrepresentations made concerning the FMLA leave. This is exactly what was alleged in the Plaintiff's complaint. When informed by Eric Bens on November 24th that her leave would be effective immediately upon receipt of the health care provider documentation, the Plaintiff demonstrated that she did reasonably rely on these misrepresentations. Specifically, she contacted DA Jason Schmidt about going on FMLA leave, and by November 24, 2021, she had scheduled her leave and was informed that it was effective. This clearly demonstrates that the Plaintiff establishes the second requirement for equitable estoppel.

Finally, the last requirement for equitable estoppel is that the reliance of the misrepresentation by the Defendant was to her detriment. The facts alleged in the Plaintiff's complaint clearly illustrate that she did in fact rely on the information provided to her by Eric Bens to her detriment. The *Kosakow* Court states that equitable estoppel is, "properly invoked where the enforcement of the rights of on party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Id*. at 725. Immediately after the Plaintiff was informed that she was eligible for FMLA leave, she notified DA Jason Schmidt she would be taking leave. Thus, she relied upon that representation to inform her boss that she was taking the leave. Thereafter, he sent her an email saying that she was terminated. What could be more of a detriment than to be terminated for taking a leave?

Defendant asks this Court to go outside the pleadings and make a factual determination, at the motion to dismiss stage, and assume that Ms. Mitchell "would have been terminated regardless of whether or she requested the leave" (see, Defendant's MOL, Dkt. 12, p. 7). That is not an appropriate request at this pleadings stage. It would be an injustice if the Defendant is allowed to inform the Plaintiff that she can take FMLA leave, and then the day she uses that leave, argue that she was never eligible, and then ultimately terminate her.

Defendant erroneously relies on *Varecka v. CSK Transportation, Inc.,* 2022 WL 1750700 (W.D.N.Y. 2022). That case is factually inapposite to the instant matter. However, the Court in *Varecka* did acknowledge that "[t]he Second Circuit has made clear that common law equitable doctrines can 'confer eligibility upon on an otherwise ineligible employee,'" but the plaintiff in that case did not allege such a claim. *Varecka, 2022 U.S. Dist. LEXIS 97320,* at 17-18. In this matter, Plaintiff has clearly alleged and pleaded that Defendant is "estopped from raising that defense because of the representations they made to Plaintiff telling her that she was eligible and qualified for FMLA leave." (Dkt. 10, ¶ 29). Thus, if anything, *Varecka* supports the Plaintiff's argument in this matter.

Plaintiff's complaint in this matter has pleaded sufficient factual material to state a claim for equitable estoppel. The facts within the complaint allege that the Defendant made misrepresentations of fact to the Plaintiff concerning her eligibility for FMLA leave and reasonably believed that the Plaintiff would rely on these misrepresentations; the Plaintiff did in fact rely on the information provided by Eric Bens; and this reliance was to her detriment when her employment was terminated several hours after requesting the FMLA leave.

**B.  Plaintiff was terminated in retaliation after she submitted her FMLA leave.**

It is significant to note that Defendant only argues in its motion that Plaintiff's FMLA claims should be dismissed because it claims she was not eligible.  Defendant did not make <u>any</u> argument that if Plaintiff was eligible that she has failed to state a claim for retaliation or interference under the FMLA.  Defendant merely makes the bald conclusory statement that Plaintiff "would have been terminated regardless of whether or she requested the leave" (see, Defendant's MOL, Dkt. 12, p. 7).

In the event the Court were to interpret that naked assertion as an argument that Plaintiff has not set forth the other elements an FMLA retaliation claim, such an argument must fail. In order to successfully state a claim for FMLA retaliation, one must plausibly allege (1) she exercised rights protected by the FMLA and (2) she suffered an adverse employment action under circumstances giving rise to an inference of retaliatory intent. *Powell v. Dep't of Educ.*, 2015 U.S. Dist. LEXIS 133255, 14 (E.D.N.Y. 2015). In regards to a FMLA retaliation claim, an adverse employment action is, "any action by the employer that is likely to dissuade a reasonable worker in the plaintiff's position from exercising his legal rights." *Id.* at 15 (*quoting Millea v. Metro-N. R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011)). Therefore, as long as Plaintiff has plausibly alleged that she suffered an action that is likely to dissuade a reasonable worker in her position from taking FMLA leave, her claim can proceed. *Id.* at 16.

Ms. Mitchell successfully claimed she exercised rights protected by the FMLA by showing that she requested leave after learning of her husband's cancer diagnosis. The FMLA entitles employees twelve (12) weeks of leave per year to care for a spouse, if such spouse has a serious health condition. 29 U.S.C § 2612(a)(1)(C). A serious health condition means, "an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or

residential medical care facility; or continuing treatment by a health care provider." 29 U.S.C. § 2611(11). Ms. Mitchell's husband was regrettably diagnosed with cancer in October 2021. She requested leave under FMLA in order to care for him. One caring for their spouse who has been diagnosed with cancer and requires treatment, is clearly a right under the FMLA. Ms. Mitchell exercised this right by requesting FMLA in order to take time off from her busy work schedule so that she could help take care and spend crucial time with her sick husband.

Secondly, Ms. Mitchell suffered an adverse employment action when she was unlawfully terminated by Defendant. On or about October 29, 2021, Ms. Mitchell first disclosed to Defendant her husband's diagnosis and inquired how to go about taking FMLA leave.  Thereafter, on November 12, 2021, Ms. Mitchell again inquired about how she could request for FMLA leave. Three days later, she spoke with Eric Bens, and he informed her he would send her the forms to complete. Eric Bens never mentioned that she would not be eligible for FMLA leave and sat in silence while Ms. Mitchell filled out her FMLA forms. On November 19, 2021, Ms. Mitchell, relying on Eric Bens's sent information, informed her director, DA Jason Schmidt, that she needed to speak with him regarding her FMLA leave. Next, Ms. Mitchell spoke with Eric Bens the morning of November 22, 2021 and advised him she would be exercising her right to take FMLA leave. Coincidentally, that very same afternoon, Ms. Mitchell started receiving inquiries into a criminal plea deal that she handled three months prior in August 2021. This inquiry was a pretext in an attempt for the Chautauqua County DA to justify their retaliatory termination of Plaintiff after she decided to go through with taking her FMLA leave.

On November 24, 2021, in an email thread with Ms. Mitchell, Eric Bens specifically informed her that her FMLA leave would be effective that very day. After relying on this information to schedule her future care of her husband who had just been diagnosed with cancer,

DA Jason Schmidt emailed Ms. Mitchell at the end of the day to inform her that she had been terminated. This timeline shows a pattern that is not just a mere coincidence. The instant Ms. Mitchell applied for FMLA leave, a three-month-old plea agreement was brought back up to "discipline" her. Further, the very day she was informed she was effectively on FMLA leave; Ms. Mitchell was terminated. These factual allegations in the complaint, when taken as true, plausibly show that Ms. Mitchell suffered an adverse employment action. Any reasonable worker would be dissuaded from applying for and taking FMLA after seeing someone in their same position be terminated the same day that they were approved for FMLA leave.

Defendant disingenuously opines that Plaintiff would have been terminated regardless of whether or not she requested leave, and that she used the FMLA as shield to protect her from her job performance. Quite simply, a motion to dismiss is not the correct posture to bring those arguments. It is well settled law that reviewing courts must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor; as long as they are not legal conclusions couched as a factual allegation or to credit mere conclusory statements or threadbare recitals of a cause of action. *Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 389 (W.D.N.Y. 2010). Plaintiff's timeline plausibly shows that (1) she exercised her rights under the FMLA, and (2) she suffered an adverse employment action pursuant to Defendant's retaliatory conduct. Given the utter lack of any extrinsic evidence disproving any of the material factual allegations in the Complaint, it is evident that the only way the Defendant's conclusion can be supported is if they are given the benefit of every favorable inference. That is patently inappropriate on a pre-answer motion to dismiss, and the Defendant's motion should be denied in its entirety.

II.     **THE ALLEGATIONS OF THE COMPLAINT, WHEN ACCEPTED AS TRUE, STATE A PLAUSIBLE CLAIM FOR FMLA RETALIATION EVEN IF PLAINTIFF WAS NOT YET ELIGIBLE.**

Even if this Court does not find Defendant is estopped from arguing that Plaintiff is ineligible to the protections afforded under the FMLA; Plaintiff still can assert a FMLA claim for retaliation even if she was not eligible.

Pursuant to 29 USCS § 2615, an employer is prohibited from interfering with or denying the exercise or the <u>attempt to exercise</u> (emphasis added), any right provided under 29 USCS § 2611. Although the statute sets forth in order to be eligible for FMLA leave, one must have worked at least 1,250 hours for a total of 12 months, numerous courts have held that requirement is <u>not</u> a prerequisite to avail an employee the protections from retaliation under the FMLA.  The Court in *McArdle v. Town of Dracut/Dracut Pub. Sch.*, 732 F.3d 29 (1st Cir. 2013) set forth that:

> We are not convinced that an employee who is ineligible for FMLA leave can never bring a retaliation claim. There are many reasons why an employee will not know until inquiring whether [she] is eligible for any particular right available under the Act. The statute prohibits employer interference with both the exercise of rights provided under the FMLA and 'the attempt to exercise any [such] right.' 29 U.S.C. § 2615(a)(1). There is no requirement that the attempt be successful. It would seem too, that firing an employee for asking would also frustrate the aims of the Act even if the inquiring employee turns out to be ineligible. Such an "ask at your peril" approach could deter employees, including eligible employees uncertain of the extent of their rights, from taking the first step necessary to exercise their rights.

*Id*. At 36.

While the Second Circuit has not yet addressed this issue many other courts have come to the conclusion that an employer may not take action against an employee for requesting FMLA leave, even if that employee is not yet eligible. *Potts v. Franklin* 2006 U.S. Dist. LEXIS 60781, 8-9. (E.D. Okla. 2006); *Beffert v. Pa. Dep't of Pub. Welfare* 2005 U.S. Dist. LEXIS 6681, 10 (E.D.

Pa. 2005); *McArdle*, 732 F.3d at 36.  Plaintiff urges this Court to follow suit of the multiple courts which allow relief under an FMLA retaliation claim even if Plaintiff is not yet eligible.

The Court in *Potts* stated, "An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave. For example . . . employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions. . ." *Id* at 8. (*quoting* 29 C.F.R.220). *Potts* follows the premise that if the Plaintiff was entitled to leave or not, is irrelevant if the Defendant retaliated against Plaintiff for attempting to exercise his or her rights under the FMLA. *Id.* at 7.

As established in *Potts* and 29 USCS § 2615, this Court should find the question of eligibility immaterial because Defendant retaliated against Ms. Mitchell after she attempted to exercise her rights. The facts will show that the instant Ms. Mitchell requested leave, Defendant devised a scheme to terminate her by bringing up a plea deal that was finalized three months prior. Instead of informing Ms. Mitchell at the time she requested leave she was not eligible, Defendant told her she was eligible, and is now retroactively arguing Ms. Mitchell never was eligible to hide the fact they specifically terminated her because she was going to be taking leave to care for her husband.

Further, The *Beffert* Court explained that if a non-eligible employee gave advanced notice of their desired FMLA leave, the employer cannot take action against that employee simply because they are not yet eligible. *Beffert v. Pa. Dep't of Pub. Welfare* 2005 U.S. Dist. LEXIS 6681, 10 (E.D. Pa. 2005). In that case, the Plaintiff was pregnant and requested leave for the future birth of her child. *Id.* at 5. The Court held that because the Plaintiff would have been eligible when she was taking her leave, she could file a retaliation claim without yet being eligible. *Id* at 9.

Even though the present case does not share the same facts as *Beffert*, the Plaintiff here should be able to pursue her FMLA retaliation claim because Defendant took adverse action against her after she requested her FMLA leave. As argued earlier, The Defendant specifically told Ms. Mitchell she was eligible, and sent her all of the documentation to successfully submit her leave. Upholding this conduct would set a precedent that any employer may take adverse action against an employee for requesting leave, and potentially dissuade employees from submitting FMLA requests for the fear of retaliation against them.

Plaintiff should still have the opportunity for discovery and to present evidence of her claim. The courts should be vigilant in preventing the moving party from unilaterally converting a motion to dismiss under FRCP 12(b)(6) into a motion for summary judgment, because the non-moving party has not had the opportunity to discovery or present evidence in support of its claims. *Foster*, 724 F. Supp. 2d at 389.

## III. THE ALLEGATIONS OF THE COMPLAINT, WHEN ACCEPTED AS TRUE, STATE A PLAUSIBLE CLAIM PURSUANT TO 42 U.S.C. § 1983.

Under the Federal Second Circuit, at will employees have a protectable property interest in their continued employment when contractual or statutory provisions allow a continued at-will employment absent sufficient cause or if the employee can show a *de facto* tenure system. *Pierce v. Netzel* 2004 U.S. Dist. LEXIS 8743, 31 (W.D.N.Y. 2004). In order to have a property interest in a benefit, one must have a claim of entitlement to said benefit. *Harrington v. County of Suffolk*, 607 F.3d 31, 34 (2d Cir. 2010). Additionally, an entitlement to a property interest is created by state laws rather than by the Constitution – which means that a local ordinance or implied contract can create a property interest in employment. *Id*.

The Defendant relies heavily on NY CLS County § 702. Specifically, subpoint 1 of the statute which states that "any appointment may be revoked at any time by the district attorney. . ."

NY CLS County § 702. Defendant fails to consider the conclusion of subpoint 1 which explains that the district attorney may only revoke the appointment by filing a written revocation in the county clerk's office. Being as this case is at the motion to dismiss stage, the Plaintiff has not yet had the opportunity for discovery to show that Defendant did not follow the correct procedures in the law they are relying on. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, states that the assessment in the plausibility of a claim hinges on the reasonable expectation that discovery will reveal evidence of illegal conduct. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F. 4th 293, 301 (2d Cir. 2021).  Plaintiff urgers the Court to allow discovery regarding this claim to flesh out evidence that will show that the Defendant did not follow the correct procedure in terminating Plaintiff.

## CONCLUSION

For the reasons set forth herein, the Plaintiff respectfully requests that the Defendant's motion to dismiss the Plaintiff's Complaint be denied in its entirety; or, in the alternative, that the Court allow oral argument on the underlying motion; and that the Court grant such other and further relief as it deems just and proper.

Dated: Buffalo, New York
  December 21, 2023

        **THE TARANTINO LAW FIRM, LLP**

      By: */s/Kevin P. Wicka___*_____
         Kevin P. Wicka, Esq.
         *Attorneys for the Plaintiff*
         City Centre, Suite 300
         610 Main Street
         Buffalo, New York 14202
         (716) 849-6500
         kwicka@tarantionlaw.com

16

To:    Webster Szanyi LLP
*Attorneys for Defendant*
Heather L. Dechart, Esq.
424 Main Street, Suite 1400
Buffalo, NY 14202
(716) 842-2800
hdechert@websterszanyi.com
mmcclaren@websterszanyi.com