UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RACHELL MITCHELL,

               Plaintiff,

v.

                                                  Index No.: 1:23-CV-00959

COUNTY OF CHAUTAUQUA,

               Defendant.
_____

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**WEBSTER SZANYI LLP**
Attorneys for Defendant
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT.................................................................................................................1

Point I         Plaintiff Was Never An Eligible Employee Under the FMLA ..............1

Point II        The County Should Not be Estopped from Asserting its Defenses....2

Point III       Plaintiff's Due Process Claim Fails. ......................................................4

CONCLUSION .............................................................................................................5

# **TABLE OF AUTHORITIES**

*Arroyo-Horne v. City of New York*
  831 Fed. Appx. 536 (2d Cir. 2020)..................................................................1, 2

*Brownstein v. Walsh*
  2010 WL 1930232, at *3 (E.D.N.Y. 2010).........................................................3

*Chambers v. Time Warner, Inc.*
  282 F.3d 147 (2d Cir. 2002)................................................................................3

*Clarke v. O'Brien*
  91 Misc. 2d 190 (Sup. Ct. 1975) *aff'd sub nom.*, *Matter of Clarke v. O'Brien*, 56 A.D.2d 869 (2d Dept. 1977) ..............................................................4

*Int'l Grp., LLC v. Padilla*
  2012 WL 5398674, at *1 (W.D.N.Y. 2012)........................................................3

*Kosakow v. New Rochelle Radiology Assocs.*, P.C.
  274 F.3d 706 (2d Cir. 2001)................................................................................2

*L–7 Designs, Inc. v. Old Navy, LLC*
  647 F.3d 419 (2d Cir. 2011)................................................................................3

*Woodford v. Cmty. Action of Greene County, Inc.*
  268 F.3d 51 (2d Cir. 2001)..................................................................................2

## STATUTES

29 U.S.C. § 2617(a)(1) ...............................................................................................2

29 U.S.C. § 2617(2)(A)..........................................................................................1, 2

N.Y. County Law § 702 .............................................................................................4

**Preliminary Statement**

Plaintiff's Amended Complaint should be dismissed because she has not stated any plausible claims against the County. Plaintiff conveniently attempts to avoid dismissal by arguing that the Court is limited to the facts alleged in the Complaint and that she is entitled to discovery on her claims. These attempts to muddy the waters should be cast aside because the only issues actually relevant to this motion are simple and cannot be disputed. Plaintiff did not work for the County long enough to become an FMLA-eligible employee and cannot bring a claim under the FMLA. Plaintiff did not have a property interest in continued employment and was not entitled to pretermination due process. Further discovery is not necessary to decide these issues. Plaintiff should not be allowed to proceed with this litigation when the Amended Complaint asserts no plausible claims against the County.

**Argument**

**I.     Plaintiff Was Never An Eligible Employee Under the FMLA.**

The law is clear that an employee is only eligible for FMLA leave when he or she meets the statutory eligibility requirements. 29 U.S.C. § 2617(2)(A); *Arroyo-Horne v. City of New York*, 831 Fed. Appx. 536, 539 (2d Cir. 2020). The facts are clear that Plaintiff was never eligible for FMLA leave during her employment with the County because she was not employed for twelve months. (Dkt. 1, ¶¶ 10, 25). Plaintiff appears to be arguing that eligibility to bring a claim can be conferred upon her by the County's alleged actions; however, this is incorrect. Her arguments that "it is still unlawful to retaliate against any individual who attempts to exercise his or rights under the FMLA"

1

and "if an employer makes representations that an employee is eligible for FMLA, even when the employee has not yet met these requirements, that employee may still qualify for FMLA leave." (Dkt. 14, pgs. 1 and 6), are in direct contradiction to the law.  The private right of action for FMLA interference and discrimination is created by § 2617(a)(1), which provides that "[a]ny employer who violates section 2615 of this title shall be liable to any *eligible employee affected*."   29 U.S.C. § 2617(a)(1). Thus, the Second Circuit has consistently held eligibility is a threshold issue for "both FMLA interference claims and FMLA retaliation claims."  *Arroyo-Horne v. City of New York*, 831 Fed. Appx. at 539 (2d Cir. 2020); *Woodford v. Cmty. Action of Greene County, Inc.*, 268 F.3d 51, 57 (2d Cir. 2001) (refusing to enforce federal regulation that "would prevent an employer from challenging an employee's status as an eligible employee under the FMLA after having provided the employee with notice of eligibility" because the regulation "exceeds agency rulemaking powers by making eligible under the FMLA employees who do not meet the statute's clear eligibility requirements."); *Kosakow v. New Rochelle Radiology Assocs.*, P.C. 274 F.3d 706 (2d Cir. 2001) (disagreeing with a S.D.N.Y. decision that "purports to create a cause of action under § 2617 even where the employee does not meet the statutory requirements of an eligible employee set forth under the FMLA. . . The language of the statute does not permit this result.")

II.     **The County Should Not be Estopped from Asserting its Defenses.**

Plaintiff's attempt to invoke the doctrine of equitable estoppel fails because the Amended Complaint does not allege she relied on a misrepresentation of fact. Critically, the Amended Complaint does not allege that the County told Plaintiff she was eligible for FMLA leave, or that she was provided notice of eligibility for FMLA leave.  (*See*

Dkt. 14). Instead, the facts show only that Plaintiff was taking a leave of absence and was working with County Human Resources through the process of determining what leave was available to her. (Dkt. 10, ¶ 23 and Dkt. 12-2 Ex. A). Plaintiff took leave before learning whether or not she was eligible for protected FMLA leave. (*Id*.). Clearly, Plaintiff was not close to being eligible for FMLA leave, and she was not going to attain eligibility prior to taking leave. Thus, she could not have detrimentally relied on any information from the County.

Plaintiff's attempt to distort these facts to prevail against this motion to dismiss must be rejected. Although Defendants are not permitted to demonstrate many of the mischaracterizations in the Amended Complaint, the emails Plaintiff relies upon to state her claim may be considered in deciding this motion. These emails were incorporated into the Complaint by reference and are integral to the Complaint. *See Int'l Grp., LLC v. Padilla*, 2012 WL 5398674, at *1 (W.D.N.Y. 2012) ("[T]he complaint is 'deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.'") (quoting *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011)); *see also Brownstein v. Walsh*, 2010 WL 1930232, at *3 (E.D.N.Y. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). The County has already attached the November 24, 2021, email from Eric Bens to its motion to dismiss, wherein Mr. Bens notified Plaintiff about her available vacation and sick days to care for a family member and provided Plaintiff an FMLA certification form but did not state she was eligible for FMLA leave. Additionally, Plaintiff relies heavily on her email to District Attorney Schmidt that Plaintiff alleges advised, "that she needed

3

to speak with him as soon as possible with regard to her request for leave." (Dkt. 10, ¶ 18 and Dkt. 14, p. 11).  Contrary to this mischaracterization, the email states only "I will need to speak with you when your trial is over." (R. Mitchell 11/19/21 email to J. Schmidt attached as Exhibit A).

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss is replete with mischaracterizations and exaggerations even of the facts she has pled.  (*Compare* Dkt. 10 ¶¶ 17-18 asserting "Eric Bens never told Plaintiff she was ineligible for FMLA leave.  Rather, he provided her information and treated her as if she was eligible" *with* Dkt. 14, p. 15 "Defendant specifically told Ms. Mitchell she was eligible.").  The Court should reject these attempts to make a claim where one does not exist and dismiss Plaintiff's FMLA claims without further expenditure of time and resources by the Court and parties.

### III.	Plaintiff's Due Process Claim Fails.

Plaintiff admits that at-will employees only have a protectable property interest in their employment if such an interest is created by law or contract.  Here, pursuant to State and County law, Plaintiff served at the pleasure of the Chautauqua County District Attorney and could have been terminated at any time, without cause. N.Y. County Law § 702; *Clarke v. O'Brien,* 91 Misc. 2d 190, 193 (Sup. Ct. 1975) *aff'd sub nom.*, *Matter of Clarke v. O'Brien*, 56 A.D.2d 869, (2d Dept. 1977).  Plaintiff's argument that it is unclear at this stage whether the County did in fact file a written revocation of Plaintiff's appointment in the office of the county clerk is a red herring.  This revocation procedure does not create a property interest in the assistant district attorney position.  It does not require sufficient cause or just cause for the revocation or create any pre-termination

4

procedural due process. There is no need for further discovery or litigation to make this determination. Plaintiff's due process claim should be dismissed.

## CONCLUSION

Based on the foregoing, Plaintiff's Amended Complaint should be dismissed in its entirety, and the Defendant should be awarded costs, fees, and any further relief deemed appropriate by this Court.

Dated:       January 4, 2024

                                      **WEBSTER SZANYI LLP**
                                      Attorneys for Defendant

By: *s/Heather L. Dechert*
      Heather L. Dechert
      Michael P. McClaren
424 Main Street, Suite 1400
Buffalo, New York 14202
(716) 842-2800
hdechert@websterszanyi.com

5