UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RACHEL MITCHELL,

            Plaintiff,                  **DECISION AND ORDER**

                                                1:23-CV-00959 EAW

       v.

COUNTY OF CHAUTAUQUA,

            Defendant.
_____

## INTRODUCTION

Plaintiff Rachel Mitchell ("Plaintiff") asserts claims for violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*. ("FMLA"), FMLA retaliation, and due process violations against defendant County of Chautauqua ("Defendant"). (Dkt. 10). Pending before the Court is Defendant's motion to dismiss. (Dkt. 12). For the reasons below, the Court grants in part and denies in part Defendant's motion.

## BACKGROUND

**I.    Factual Background**

The facts below are taken from Plaintiff's amended complaint (Dkt. 10), which the Court accepts as true at this stage of the proceedings.

Plaintiff was an Assistant District Attorney in Defendant's District Attorney's Office. (*Id*. at ¶¶ 8, 9). In October 2021, Plaintiff had worked more than 1,250 hours during the preceding calendar year. (*Id*. at ¶ 10). Also in or about October 2021, Plaintiff's

- 1 -

husband was diagnosed with cancer. (*Id*. at ¶ 11). On October 29, 2021, Plaintiff met with Marilyn Fiore-Lehman, First Assistant District Attorney, and requested information about obtaining FMLA leave to care for her husband. (*Id*. at ¶ 12). Plaintiff's husband was a spouse as defined by the FMLA and the requested leave met the provisions of the FMLA. (*Id*. at ¶¶ 13-14).

On or about November 12, 2021, Plaintiff spoke to someone in Defendant's Human Resources Office about requesting FMLA leave and was referred to Eric Bens ("Bens"), Defendant's Insurance Administrator. (*Id*. at ¶ 16). On or about November 15, 2021, Plaintiff spoke to Bens and he told her that he would provide the necessary forms for her to complete. (*Id*. at ¶ 17). Bens never told Plaintiff she was ineligible for leave, but he provided her with information about taking leave and treated her as if she were eligible. (*Id*.).

On November 19, 2021, relying on the prior representations from Bens about her eligibility for FMLA leave, Plaintiff emailed District Attorney Jason Schmidt ("Schmidt"), advising him that she needed to speak to him about taking leave. (*Id*. at ¶ 18). On November 22, 2021, relying on Bens' prior representations, Plaintiff advised Bens that she would be going forward with the requested leave. (*Id*. at ¶ 19).

On the same afternoon, Plaintiff began to receive inquiries about a criminal plea she handed in August 2021, and was questioned about her authorization to enter into that plea. (*Id*. at ¶ 20). Plaintiff provided information that established that she had authorization to offer the plea. (*Id*. at ¶ 22). According to Plaintiff, the inquiry into the plea proceeding

was pretext to justify Defendant's retaliatory actions against Plaintiff for requesting FMLA leave.  (*Id*. at ¶ 22).

On November 24, 2021, at 11:04 a.m., Plaintiff received an email from Bens, which attached an FMLA certification form and advised Plaintiff that her health care provider could fax him the completed forms.  (*Id*. at ¶ 23).  On the same day at 1:10 p.m., Plaintiff responded to Bens and asked if her leave was effective as of that day.  (*Id*. at ¶ 24).  Bens responded and informed her that the leave would be effective the same day.  (*Id*.).  At 2:48 p.m., Plaintiff notified Schmidt that she would be taking FMLA leave due to her husband's diagnosis.  (*Id.* at ¶ 25).  At 4:48 p.m. on the same day, Schmidt emailed Plaintiff and advised her that she was terminated effective immediately for reasons that would be forthcoming.  (*Id*. at ¶ 27).

Plaintiff alleges that she was terminated in retaliation for her request for FMLA leave.  And that even if she was not eligible for FMLA protection, Defendant is estopped from raising this defense in light of representations made to Plaintiff that she was eligible.  (*Id*. at ¶¶ 28, 29).

II. **Procedural Background**

Plaintiff commenced this action on September 12, 2023.  (Dkt. 1).  Defendant moved to dismiss on October 26, 2023.  (Dkt. 7).  Plaintiff filed an amended complaint on November 16, 2023 (Dkt. 10), and the Court denied Defendant's motion to dismiss as moot (Dkt. 11).

On November 30, 2023, Defendant filed the instant motion to dismiss the amended complaint. (Dkt. 12). Plaintiff filed opposition papers on December 21, 2023 (Dkt. 14), and Defendant filed its reply on January 4, 2024 (Dkt. 15).

## **DISCUSSION**

In her complaint, Plaintiff alleges these causes of action: (1) interference of her rights under the FMLA; (2) retaliation in violation of the FMLA; and (3) violation of her due process rights under the Fourteenth Amendment. Defendant seeks dismissal of each of these claims, arguing that Plaintiff was not an eligible employee under the FMLA and that she did not have a property interest in continued employment. The Court considers these arguments below.

### I.     **Legal Standard for Rule 12(b)(6) Motion**

Defendant seeks dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 589 F.3d 542, 218 (2d Cir. 2014) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

## II. FMLA Claims

"The FMLA provides generally that a covered employer is required to grant an eligible employee up to a total of 12 weeks leave during any 12-month period for personal or family needs indicated in the act." *Coutard v. Municipal Credit Union*, 848 F.3d 102, 108 (2d Cir. 2017) (citing 29 U.S.C. § 2612(a)). "To ensure the availability of its rights, the FMLA makes it illegal for employers to: (1) 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right' provided under the FMLA; or (2) 'discharge or in any other manner discriminate against any individual for opposing any practice made unlawful' by the FMLA." *Prout v. Vladeck*, 316 F. Supp. 3d 784, 800 (S.D.N.Y. 2018) (quoting 29 U.S.C. § 2615(a)). "The Second Circuit has recognized two

types of FMLA claims—'interference' claims and 'retaliation' claims." *Id*. (citing *Potenza v. City of New York*, 365 F.3d 165, 168 (2d Cir. 2004)). Plaintiff has alleged both an FMLA interference claim and an FMLA retaliation claim.

### A.   FMLA Interference Claim

To succeed on an FMLA interference claim, Plaintiff must plead and prove: "(1) that [s]he is an eligible employee under the FMLA; (2) that defendant is an employer as defined by the FMLA; (3) that [s]he was entitled to leave under the FMLA; (4) that [s]he gave notice to the defendant of [her] intention to take leave; and (5) that [s]he was denied benefits to which [s]he was entitled under the FMLA." *Daly v. Westchester Cty. Bd. of Legislators*, No. 19-CV-04642 (PMH), 2021 WL 229672, at *11 (S.D.N.Y. Jan. 22, 2021) (alterations omitted and quoting *Ziccarelli v. NYU Hosps. Ctr.*, 247 F. Supp. 3d 438, 447 (S.D.N.Y. 2017)). Defendant's motion to dismiss is directed to the first requirement, *i.e.*, Plaintiff's inability to demonstrate that she is an eligible employee.

To qualify as an eligible employee, the individual must have "been employed '(i) for at least twelve months by the employer . . . and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.'" *Harris v. Aug. Aichhorn Ctr. for Adolescent Residential Care, Inc.*, No. 21-CV-5926 (NSR), 2024 WL 2330126, at *4 (S.D.N.Y. May 21, 2024) (quoting 29 U.S.C. § 2611(2)(A)); *see also Arroyo-Horne v. City of New York*, 831 F. App'x 536, 539 (2d Cir. 2020) ("To be eligible for FMLA leave, an employee must have been employed for at least twelve months by the employer from whom she is requesting leave, and she must have worked at least 1,250 hours with that employer

in the twelve months prior to the beginning of her medical leave."). "Eligibility is a threshold issue, and it is insufficient for Plaintiff to 'merely assert in a conclusory manner that [s]he is eligible without stating any facts that relate to the definition of an eligible employee.'" *Sawyers v. McMahon*, No. 123CV05494(PAE)(SDA), 2024 WL 665681, at *7 (S.D.N.Y. Jan. 29, 2024) (quoting *Smith v. Westchester Cnty.*, 769 F. Supp. 2d 448, 465 (S.D.N.Y. 2011)), *report and recommendation adopted*, 2024 WL 665205 (S.D.N.Y. Feb. 16, 2024); *see also Bulmer v. Yellow Freight Sys., Inc.*, 213 F.3d 625, 2000 WL 637066, at *3 (2d Cir. 2000) (summary order) ("Employee ineligibility under the FMLA is *not* an affirmative defense.  Rather, eligibility is a threshold issue which has to be proved by plaintiff in order for him to be entitled to relief." (emphasis in original)).

Here, in her initial complaint, Plaintiff alleged that she was hired by Defendant on March 2, 2021, which places her leave request in November 2021 well below the requisite 12-month eligibility threshold.  (Dkt. 1 at ¶ 10).  In an apparent attempt to disguise this flaw, Plaintiff's amended complaint omits her hire date from the pleading.  But Plaintiff may not simply omit material information contained in a prior pleading to plead around a clear deficiency.  *Kasparov v. Ambit Texas, LLC*, No. 12CV3488(WFK)(JO), 2016 WL 10749156, at *2 (E.D.N.Y. Mar. 10, 2016) ("In an attempt to avoid the Agreement Documents' forum selection provision, Kasparov omitted from the Second Amended Verified Complaint factual allegations he previously made in his prior pleading.  A court has no obligation to accept as true an amended complaint's allegations if they directly contradict facts set forth in a prior pleading."), *report and recommendation adopted*, 2016

WL 6779497 (E.D.N.Y. Nov. 16, 2016); *see also Robles v. Medisys Health Network, Inc.*, No. 19CV6651(ARR)(RML), 2020 WL 3403191, at *4 (E.D.N.Y. June 19, 2020) ("As a related—but distinct—matter, a court may deny leave to amend a complaint when a plaintiff seeks to omit certain allegations or raise allegations that directly contradict those in the prior version of the complaint."). The Court agrees with Defendant that Plaintiff has not established her eligibility under the FLMA.

In opposition, Plaintiff contends that Defendant is estopped from claiming that she is ineligible under the FMLA because where an employer makes representations that an employee is eligible for FMLA, even where the employee is ineligible, the employee may still qualify for leave. Specifically, "[a]n employer may be equitably estopped from challenging an employee's eligibility under the FMLA when: '(1) the party to be estopped makes a misrepresentation of fact to the other party with reason to believe that the other party will rely upon it; (2) and the other party reasonably relies upon it; (3) to her detriment.'" *Schuler v. Dow Chem. Co.*, No. 14-CV-1043-MJR, 2018 WL 279286, at *4 (W.D.N.Y. Jan. 3, 2018) (quoting *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 724-25 (2d Cir. 2001)); *see also Varecka v. CSX Transportation, Inc.*, No. 1:21-CV-00876, 2022 WL 1750700, at *6 (W.D.N.Y. May 31, 2022) ("The Second Circuit has made clear that, while federal common law equitable doctrines can 'confer eligibility upon an otherwise ineligible employee[,]' an employee must 'establish all of the elements' of an equitable claim." (quoting *Kosakow*, 274 F.3d at 724)), *appeal dismissed* (Jan. 23, 2023).

For example, in *Woodford v. Cmty. Action of Greene Cnty., Inc.*, 268 F.3d 51 (2d Cir. 2001), the Second Circuit held that "the doctrine of equitable estoppel itself may apply where an employer who has initially provided notice of eligibility for leave later seeks to challenge that eligibility," and that "future employees who rely to their detriment upon the assurance of their employer that they qualify for leave under the FMLA may have recourse to the doctrine of equitable estoppel even without an enforceable regulation protecting their right to rely upon an employer's notice of eligibility." *Id.* at 57. Likewise, in *Kosakow*, 274 F.3d 706, 725-26 (2d Cir. 2001), the Second Circuit reaffirmed that principles of equitable estoppel may apply in matters involving FMLA leave, stating that "the FMLA imposes a legal duty upon the employer to inform its employees of the conditions that they must meet in order to be covered by the FMLA," and that "an employer must notify an employee who plans to take medical leave whether her proposed leave is covered by the FMLA before the employee takes the leave." *Id.* at 725-26. The Second Circuit held that "[r]ead together, these provisions indicate that an employee can generally assume that she is protected by the FMLA unless informed otherwise," and that "an employer who remains silent when its employee announces that she plans to take medical leave is effectively misleading that employee into believing that she is protected by the FMLA." *Id.; see also Cooper v. New York State Nurses Ass'n*, 847 F. Supp. 2d 437, 448 (E.D.N.Y. 2012) ("[A]n employer who makes an affirmative representation that an employee reasonably and detrimentally believed was a grant of FMLA leave can be estopped from later arguing that

the employee was not in fact entitled to that leave . . . " (quoting *Murphy v. FedEx Nat'l LTL, Inc.*, 618 F.3d 893, 899-900 (8th Cir. 2010))).

At this stage of the proceedings where Plaintiff's allegations are taken as true and because "[w]hether equitable estoppel applies in a given case is ultimately a question of fact," *Kosakow*, 274 F.3d at 725, the Court concludes that Plaintiff has alleged the elements of equitable estoppel sufficient to state a plausible claim; that is, that Defendant made a misrepresentation of fact as to her eligibility for FMLA leave with reason to believe that she would rely on it and that she did rely on it to her detriment. Defendant points out that Plaintiff does not expressly allege in the amended complaint that she was given actual notice of eligibility, but as noted by the Second Circuit in *Kosakow*, such notice is not required to sustain a claim that estoppel applies. *Kosakow*, 274 F.3d at 724 ("[A]n employer who remains silent when its employee announces that she plans to take medical leave is effectively misleading that employee into believing that she is protected by the FMLA."). Defendant also urges the Court to consider Plaintiff's November 19, 2021 email to Schmidt and the November 24, 2021 email from Bens, documents incorporated by reference in Plaintiff's amended complaint, *see Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (noting that court may consider documents attached as exhibits, incorporated by reference, or integral to the complaint on a 12(b)(6) motion), but these documents do not resolve the question of what information was provided to Plaintiff regarding her eligibility. The amended complaint references other emails and oral conversations (Dkt. 10 at ¶¶ 17, 19) that purportedly addressed Defendant's representations

to Plaintiff concerning her eligibility that are not before the Court. As a result, the question of applicability of the estoppel argument cannot be resolved at this time in connection with the instant motion. Defendant's motion to dismiss Plaintiff's FMLA interference claim is accordingly denied.

### B.     FMLA Retaliation Claim

In order to make a *prima facie* showing of retaliation, Plaintiff "must establish that: 1) [s]he exercised rights protected under the FMLA; 2) [s]he was qualified for [her] position; 3) [s]he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." *Potenza*, 365 F.3d at 168. In this context, it is sufficient for Plaintiff to show that her exercise of FMLA rights "was a 'motivating factor' in the termination decision." *Lievre v. JRM Constr. Mgmt., LLC*, No. 17-CV-4439 (BCM), 2019 WL 4572777, at *11 (S.D.N.Y. Sept. 20, 2019) (quoting *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 168-69 (2d Cir. 2017)).

"A threshold issue for both FMLA interference claims and FMLA retaliation claims is whether an employee is eligible under the statute to claim its protections." *Arroyo-Horne v. City of New York*, 831 F. App'x 536, 539 (2d Cir. 2020). As with Plaintiff's FMLA interference claim, Defendant's motion seeking dismissal of her FMLA retaliation claim is addressed to the eligibility requirement. The Second Circuit has not expressly addressed whether an ineligible employee could nevertheless establish a claim for FMLA retaliation. *Centeno v. 75 Lenox Realty LLC*, No. 14 CV 1916 (DLI)(LB), 2017 WL 9482090, at *18

(E.D.N.Y. Feb. 1, 2017), *report and recommendation adopted*, 2017 WL 1214451 (E.D.N.Y. Mar. 31, 2017). But courts within the Circuit have applied principles of estoppel to both FMLA interference and FMLA retaliation claims. *See Scott v. ProClaim Am., Inc.*, No. 14CV6003(DRH)(ARL), 2017 WL 1208437, at *10 (E.D.N.Y. Mar. 31, 2017) (applying estoppel to Plaintiff's FMLA retaliation claims); *Karavish v. Ceridian Corp.*, No. 3:09-CV-935 JCH, 2011 WL 3924182, at *7 (D. Conn. Sept. 7, 2011) ("Equitable estoppel has been applied in FMLA retaliation cases to prevent an employer from arguing that the employee was ineligible for FMLA protection in the first place."); *Cooper*, 847 F. Supp. 2d at 447-48 (same).

Because, as set forth above, Plaintiff has plausibility alleged that estoppel principles may foreclose Defendant from contesting her eligibility to assert an FLMA claim, the same reasoning applies here to warrant denial of Defendant's motion to dismiss Plaintiff's retaliation claim at this point.

Accordingly, for these reasons, Defendant's motion to dismiss Plaintiff's FMLA interference and retaliation claims is denied.

### III.    Section 1983 Due Process Claims

The Court turns next to Plaintiff's § 1983 due process claims. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). To state a § 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that the conduct "deprived

[the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citations omitted). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

The Due Process Clause was "'intended to secure the individual from the arbitrary exercise of the powers of government' . . . [and] serves to prevent governmental power from being 'used for purposes of oppression.'" *Daniels v. Williams*, 474 U.S. 327, 331 (1986) (citations omitted). To succeed on a due process claim, a plaintiff must establish that "he or she possesses a constitutionally protected interest in life, liberty, or property, and that state action has deprived him or her of that interest." *Valmonte v. Bane*, 18 F.3d 992, 998 (2d Cir. 1994). In the context of employment, "a property interest arises only when an individual possesses 'a legitimate claim of entitlement' to continued job tenure." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 447 (2d Cir.1980).

In her amended complaint, Plaintiff alleges a procedural due process violation arises from the termination of her employment without just cause or the provision of notice of charges and a hearing. (Dkt. 10 at ¶ 48). Defendant argues that dismissal of the claim is warranted because Plaintiff did not have a property interest in continued employment and instead was employed on an at-will basis. (Dkt. 12-1 at 12-15). On this point, the Court agrees with Defendant.

"Employees at will have no protectable property interest in their continued employment," and will only "possess a protected interest in public employment if contractual or statutory provisions guarantee continued employment absent sufficient cause for discharge or he can prove a de facto system of tenure." *Catania v. United Fed'n of Tchrs.*, No. 1:21-CV-1257-GHW, 2024 WL 495638, at *8 (S.D.N.Y. Feb. 8, 2024) (quoting *Abramson v. Pataki*, 278 F.3d 93, 99 (2d Cir. 2002)); *Baron v. Port Auth. of N.Y. & N.J.*, 271 F.3d 81, 89 (2d Cir.2001) ("[A]t-will employment is not a constitutionally protected property interest."); *Moulton v. Cnty. of Tioga, NY*, No. 322CV00340AMNML, 2023 WL 4627646, at *12 (N.D.N.Y. July 19, 2023) ("Notably, a benefit is not a protected interest 'if government officials may grant or deny it in their discretion.'" (quoting *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005)); *Mullahey v. Zurlo*, No. 116CV00401(MAD/DJS), 2017 WL 530523, at *3 (N.D.N.Y. Feb. 9, 2017) ("It is well settled that '[a]n at-will employee holds no protectable property interest in his employment where, under state law, employment is held at the whim of his employer.'" (quoting *Hennigan v. Driscoll*, No. 5:06-cv-426, 2009 WL 3199220, *13 (N.D.N.Y. Sept. 30, 2009)). "This circuit looks to New York Civil Service Law and the statutes which create a particular position or the authority to appoint or remove an individual to or from the position to determine whether a New York public employee has a property interest in his position requiring that he be afforded a hearing before termination." *Catone v. Spielmann*, 149 F.3d 156, 160 (2d Cir. 1998) (quoting *Todaro v. Norat*, 112 F.3d 598, 600 (2d Cir.1997)).

In her opposition to Defendant's motion, Plaintiff seems to abandon the allegation that her employment could only be lawfully terminated with cause, and instead argues that her property interest arises from the revocation provision in N.Y. County Law § 702. Specifically, N.Y. County Law § 702, which pertains to assistant district attorneys, provides:

> The board of supervisors shall have power to authorize the district attorney to appoint one or more assistant district attorneys. Every such appointment shall be in a writing filed and recorded in the office of the county clerk. The person appointed shall take the prescribed oath of office and furnish any required official undertaking. *Any appointment may be revoked at any time by the district attorney by filing a written revocation in the office of the county clerk.*

N.Y. County Law § 702 (emphasis added).

As highlighted, this statute specifically permits Plaintiff's appointment to be revoked at any time by the district attorney. Plaintiff argues that notwithstanding that fact, Defendant's failure to file a written revocation in the Clerk's office could create a property interest and that she is entitled to discovery to explore this argument. Plaintiff cites no authority for this position, nor is it consistent with relevant case law. *See, e.g., Jannsen v. Condo*, 101 F.3d 14, 16 (2d Cir. 1996) ("Where there is no property interest in the employment, there can be no property interest in the procedures that follow from the employment."); *Goetz v. Windsor Cent. Sch. Dist.*, 698 F.2d 606, 609 (2d Cir. 1983) ("[I]t is the employee's *status* which determines whether he has a legitimate expectation of future employment. The mere fact that an employer may be required to notify an employee of the reasons for discharge does not alter the employee's status."); *Gandhi v. New York State*

*Unified Ct. Sys.*, No. 1:20-CV-120 (LEK), 2024 WL 365119, at *8 (N.D.N.Y. Jan. 31, 2024) (granting motion to dismiss due process claim where plaintiff "has not provided any evidence that she was guaranteed employment absent just cause," or that "any sort of contractual agreement, or that any particular portion of New York law, guarantees her employment"); *Scaife v. City of Meriden*, 493 F. Supp. 3d 1, 18 (D. Conn. 2020) (holding that at-will employee who could be terminated without cause did not have a property interest despite requirement that the termination needed to be done by majority vote of city council); *Tranello v. Frey*, 758 F. Supp. 841, 852 (W.D.N.Y. 1991) (rejecting argument by assistant district attorney that there was a property interest in continued employment), *aff'd in part, appeal dismissed in part*, 962 F.2d 244 (2d Cir. 1992).

Accordingly, because Plaintiff has not plausibly alleged a "legitimate claim of entitlement" to her continued employment, her § 1983 claim must fail and this portion of Defendant's motion to dismiss is granted.

## CONCLUSION

For these reasons, the Court denies Defendant's motion to dismiss (Dkt. 12) Plaintiff's FMLA claims but grants it as to her claims for due process violations.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   July 1, 2024
         Rochester, New York